IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | |
|---|---|
| ADAM LONGORIA | § |
| v. | § CIVIL ACTION NO. 5:02cv112 |
| STATE OF TEXAS, ET AL. | § |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION FOR SUMMARY JUDGMENT

The Plaintiff Adam Longoria, proceeding through retained counsel, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Longoria complains of an incident which occurred on Mat 27, 2000, at the Telford Unit of the Texas prison system.  He says that he was assaulted and stabbed by two members of the Texas Syndicate prison gang after having told prison officials that he was in danger.

On December 3, 2004, the Defendants filed a motion for summary judgment, saying that Longoria did not have any valid claims under the Fifth or Fourteenth Amendments, he had no valid claim under the Texas Tort Claims Act, there is no valid claim under a "state-created danger" theory, and there is no claim for excessive use of force.  The Defendants also contend that they were not deliberately indifferent to Longoria's safety, there is no constitutional basis for any claim of negligence, there is no basis for granting injunctive relief, and that they are entitled to qualified immunity. Longoria filed a response to the Defendants' motion for summary judgment.

On April 22, 2005, the Magistrate Judge issued a Report recommending that the motion for summary judgment be denied. The Magistrate Judge concluded that disputed issues of material fact existed which precluded the granting of summary judgment. These material facts included the authenticity of a letter, purportedly written by Longoria but which he denied writing, dated May 22; the amount of notice given by Longoria to the responsible prison officials; the responses to this notice; and the events of May 27, the date of the incident. The Magistrate Judge observed that this list was not a complete list of the disputed facts in the case, but indicated that this list of disputed facts was sufficient to preclude the granting of summary judgment. *See* Securities and Exchange Commission v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1994) (in a summary judgment proceeding, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law).

The Defendants filed objections to the Magistrate Judge's Report on May 5, 2005. These objections reiterate the Defendants' contentions that none of them were personally involved in any constitutional violation and that none of them acted in an unreasonable manner. The Defendants also reassert their claims that there is no cause of action under the Fifth Amendment, that Longoria's due process rights were not violated, that Longoria has no claim under the Texas Tort Claims Act, and that Longoria is not entitled to injunctive relief.

A review of Longoria's complaint and amended complaint makes clear that the cause of action which he asserts is under 42 U.S.C. §1983, which is a method for vindicating rights elsewhere conferred by those parts of the Constitution and federal statutes that it describes. *See* Baker v. McCollan, 443 U.S. 137, 145 and n.3 (1979). To the extent that Longoria's Section 1983 claim relies on the Fifth or Fourteenth Amendments, the Defendants have a point; however, Longoria has also stated claims under the Eighth Amendment through the vehicle of Section 1983.

Disputed issues of fact exist concerning the questions of personal involvement and the reasonableness of the Defendants's actions, precluding the grant of summary judgment on these matters. Although Longoria cites the Fifth and Fourteenth Amendments, he does not set out any

facts showing a claim of denial of due process, nor does he specifically allege that he was denied due process. In his response to the motion for summary judgment, Longoria suggests that evidence exists from which a jury could conclude that the Defendants Farr, Staggs, and Rogers either participated in or planned the assault; the summary judgment evidence shows that Farr and Staggs removed two inmates, George White and David Paralez, from their cells, strip searched them, and took them to the shower, and that these inmates then escaped from the shower, armed with weapons, and assaulted Longoria, whom Rogers was escorting to an interview. The Magistrate Judge did not err in recommending that this ground for summary judgment be denied.

With regard to the "state created danger" theory, the Fifth Circuit has not accepted such a cause of action, but neither has that Court rejected it. *See* Scanlan v. Texas A&M University, 343 F.3d 533, 537-38 (5th Cir. 2003). The cause of action under this theory appears largely co-extensive with and related to a cause of action for deliberate indifference. Scanlan, 343 F.3d at 538, *citing* Piotrowski v. City of Houston, 237 F.3d 567, 585 (5th Cir. 2001). The Defendants have not shown any valid reason to dismiss Longoria's claim under this theory, and so the Magistrate Judge did not err in recommending denial of summary judgment.

In his response to the motion for summary judgment, Longoria states that he is dismissing his claims under the Texas Tort Claims Act. Finally, Longoria requests injunctive relief in the form of possible "federal oversight" of the prison, or that the Court grant injunctive relief against "the State of Texas and/or its officials" who implemented allegedly unconstitutional policies. As the Defendants note, none of the named Defendants in this case has the authority to implement system-wide policies, and federal oversight of the entire Texas prison system does not appear warranted based upon this case. However, the Court does not categorically rule out the possibility of limited injunctive relief, tailored to this lawsuit, in the event that evidence offered in future proceedings in this case demonstrates the need for such relief.[1]

---

[1] Such relief is not often granted, but it is within the district court's jurisdiction to do so. *See, e.g.*, Volk v. Gonzalez, 262 F.3d 528, 531 (5th Cir. 2001) (noting award of injunctive relief to prisoner in Section 1983 action).

The Court has conducted a careful *de novo* review of all of the pleadings in this cause, including the Plaintiff's original and amended complaints, the motion for summary judgment filed by the Defendant, the Plaintiff's response thereto, the Defendants' reply to this response, the competent summary judgment evidence furnished by the parties, the Report of the Magistrate Judge, the Defendants' objections thereto, and all other filings and records in the cause. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Defendants' objections are without merit. It is accordingly

ORDERED that the Magistrate Judge's Report is CLARIFIED to make plain that: (1) to the extent that the Plaintiff grounds his Section 1983 claim on the Fifth Amendment or the due process clause of the Fourteenth Amendment, such claims are not viable and are DISMISSED, although this does not affect any other claims made by the Plaintiff; (2) the Plaintiff's claims under the Texas Tort Claims Act are hereby DISMISSED, as stated by the Plaintiff in his response to the motion for summary judgment; and (3) to the extent that the Plaintiff seeks federal oversight of the Texas prison system, or system-wide injunctive relief, such requests are DISMISSED, although the possibility of limited injunctive relief tailored to this case remains open at this time. It is further

ORDERED that the Defendants' objections are overruled and that the Report of the Magistrate Judge, as clarified, is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment, filed December 3, 2004, is hereby DENIED.

SIGNED this ___24___ day of May, 2005.

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE